IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22-cr-00163 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| LUIS HERNANDEZ SOCARRAS et. al., | ) | **DEFENDANTS' JOINT** |
| | ) | **SENTENCING MEMORANDUM** |
| Defendants. | ) | |

  Now comes Luis Hernandez Socarras, by and through his undersigned counsel Kevin M. Cafferkey, and Jorge Hernandez Socarras, by and through his undersigned counsel Jaime P. Serrat, and respectfully requests this Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553. Luis and Jorge Socarras respectfully request this Honorable Court to honor the terms of their plea agreement and further impose a downward variance based upon the relevant § 3553(a) factors. Luis and Jorge Socarras respectfully request a sentence of sixteen (16) months imprisonment on Counts 1-3 and twenty-four (24) months imprisonment as to Count 4, resulting in a combined sentence of forty (40) months imprisonment. Luis and Jorge Socarras further request credit for time served, for permission to self-report, to recommend that they serve their sentences of imprisonment at FCI Miami, and to recommend that they participate in the residential drug abuse treatment program ("RDAP"). A more thorough explanation of these requests are set forth in the attached Memorandum in Support, incorporated herein by reference.

  Respectfully Submitted,

s/ Jaime P. Serrat          s/ Kevin M. Cafferkey   
**JAIME P. SERRAT LLC**       **KEVIN M. CAFFERKEY**
Jaime P. Serrat, (#0031660)      Kevin M. Cafferkey (#0031470)
Attorney for Jorge Hernandez Socarras  Attorney for Luis Hernandez Socarras

1

## **MEMORANDUM IN SUPPORT**

**I.     PROCEDURAL BACKGROUND.**

A Criminal Complaint was filed against Luis and Jorge Socarras in the Northern District of Ohio on February 9, 2021. Luis and Jorge Socarras were arrested in the Western District of North Carolina on March 15, 2021. On May 6, 2021, Honorable Magistrate Judge Greenberg released the defendants on bond with location monitoring. Luis and Jorge Socarras served approximately 1 month and 22 days in federal custody and respectfully requests this Honorable Court to grant them credit for time served.

On April 8, 2022, Honorable Judge Greenberg removed the location monitoring device as a term and condition of their release, after serving approximately 11 months, and 3 days with location monitoring on pretrial release without any violations.

While on pretrial release, Luis and Jorge Socarras have been under the supervision of United States Probation for the Southern District of Florida. Pretrial services records indicate that Jorge Socarras has complied with all Court ordered conditions of release. (J. PSR, R. 64, PAGE ID 439). Pretrial services records also indicate that Luis Socarras has complied with all Court ordered conditions of release. (L. PSR, R. 67, PAGE ID 485).

Both men waived their right to prosecution by Indictment and consented to proceed forward by the way of Information with the consent of the government. The 4-Count Information was filed on April 8, 2022. On April 28, 2022, both Luis and Jorge Socarras plead guilty to all 4-Counts of the Information pursuant to written Rule 11(c)(1)(A) and (B) plea agreements.

**II.     PLEA AGREEMENTS.**

Both Luis and Jorge Socarras agreed to plead guilty to the Information filed in this case pursuant to written plea agreements. The parties specifically negotiated the terms of their plea

agreements. The plea agreements stated that there was no agreement about the sentencing range to be used or sentence to be imposed in this case. (J. Plea, R. 57 PAGE ID 339) (L. Plea, R. 55, PAGE ID 325). The parties did agree that the following guideline calculation were appropriate for Counts 1-3:

| **Base offense level** | 6 |
|---|---|
| More than $250,000 | +12 |
| Receiving or Selling Stolen Property | +2 |
| **Total Offense Level** | 20 |
| Acceptance of responsibility | -3 |
| **Total Adjusted Offense Level** | **17** |

*Id*. Count 4 requires a sentence of two (2) years imprisonment, to be imposed consecutively in accordance with 18 U.S.C. §§ 1028A(a)(1) and 2.

The factual basis of the plea agreements stated that the total loss associated with their conduct, while aiding and abetting each other, was $360,937.44. *Id*. at PAGE ID 328, 342. Their conduct occurred from approximately March 20, 2019 through January 26, 2020. *Id*. at PAGE ID 329, 343.

In its sentencing memorandum, the government has stated that it would honor the terms of the parties' plea agreement as written, further indicating "As to the total loss calculation of $360,937.44, the parties negotiated this amount for the purposes only of the guidelines calculation and the United States stands by that calculation." (Gov. Sent. Memo., R. 71, PAGE ID 510). As a result, both Luis and Jorge Socarras respectfully request this Honorable Court to honor the terms of their plea agreement and reject the presentence report's guideline calculation(s).

**III. PRESENTENCE REPORTS.**

    **A. GUIDELINE COMPUTATION.**

The computations in the presentence reports ("PSR") do not coincide with the computations provided in the specifically negotiated terms of the parties' written plea agreements. The plea agreement includes a 12-level increase for a loss of more than $250,000 and the PSR computations include a 16-level increase because the loss confirmed by the case agent is approximately $2,000,000. The PSR also includes a 2-level increase because the offense involved 786 victims, which was not included in the parties' plea agreements.

According to the computations in the plea agreements, the defendants' total base offense level would be 17, and with a criminal history category of I, resulting guideline imprisonment range would be 24 months to 30 months imprisonment as to Counts 1-3. Count 4 requires a 2-year term of custody that must be served consecutive to any other term of imprisonment. Both Luis and Jorge Socarras have objected to the enhancements of their guideline range in their PSR. (L. PSR, R. 67, PAGE ID 501) (J. PSR, R. 64, PAGE ID 454).

    **B. CRIMINAL HISTORY.**

Jorge Socarras only has one prior criminal conviction that is related to the offense conduct in instant case. (J. PSR, R. 64, PAGE ID 442). Mr. Socarras served two (2) days in custody for that related offense. *Id*. Mr. Socarras does not have any juvenile adjudications, other criminal conduct, pending charges, or other arrests. *Id*. at PAGE ID 443. As a result, at twenty-seven (27) years old, Mr. Socarras has a criminal history score of zero (0) and a criminal history category of one (I). *Id*. at PAGE ID 442.

Luis Socarras has no prior adult or juvenile criminal convictions. (L. PSR, R. 67, PAGE ID 488). As a result, at twenty-seven (27) years old, Mr. Socarras has a criminal history score of

4

zero (0) and a criminal history category of one (I). *Id*. at PAGE ID 489. Mr. Socarras does have a prior arrest in Cuyahoga County Court of Common Pleas that is related to his conduct in this case, which was dismissed. *Id.* Mr. Socarras has no other pending charges or arrests.

### C.  ACCEPTANCE OF RESPONSIBILITY.

Both Jorge and Luis Socarras timely accepted responsibility for their actions and provided statements to United States Probation. Jorge Socarras stated in part:

> "I have always worked hard to support my family. I greatly apologize for my actions and the pain that I have caused my family for my poor choices. Being incarcerated for the first time in my life has had a profound impact on me. I used that time to reflect on the bad decisions I have made and vowed to myself that I would turn my life around. Since being released on bond, I have done everything in my power to stand by that vow and have been working very hard so I will be able to repay my debt to society. I will never do anything like this ever again."

(J. PSR, R. 64, PAGE ID 440-1). Luis Socarras stated in part:

> "At that time in 2019, I was heavily influenced by drugs and bad relationships, the combination of which led me to make bad decisions. Decisions that will affect my entire future in this great country and of which I deeply regret. Whose repentance has been demonstrated by my actions since the first day I was arrested on January 26, 2020 in Cleveland Ohio. It only took 3 days in jail for me to realize that I didn't need to steal to make a living. After that arrest I worked as a Family Advisor at a well known funeral home in Miami called Graceland memorial park. Whose position I had to leave due to the criminal record resulting from my arrest. I quit drugs and focus on my future. I created my company to make food trailers called JL Food trailers, which I had to shut down due to the economic damage caused by the coronavirus. Later, together with my brother JL Transportation, I created a car transport company in which we worked for more than 6 months until we were arrested for the same crime, which I had already stopped practicing more than a year ago. As a result of this arrest we had to close the company because we were not allowed to leave Florida and we created American fast trailer and that is what we have been doing ever since. I admit the crime I committed one more time. And I am extremely sorry for what I did."

(L. PSR, R. 67, PAGE ID 487).

**IV.    JSIN SENTENCING DATA PURSUANT TO PARTIES PLEA AGREEMENT.**

According to the U.S. Sentencing Commission's online sentencing data resource ("JSIN")[1] when using the base offense level of seventeen (17) and criminal history category of one (I), along with the inclusion of the mandatory twenty-four (24) month sentence of Count 4, the median combined sentence was forty (40) months imprisonment, and the median length of imprisonment was forty-one (41) months, stating:

> "During the last five fiscal years (FY2017-2021), there were 56 offenders whose primary guideline was §2B1.1 and who were convicted of at least one count of 18 U.S.C. § 1028A, with a Final Offense Level of 17 and a Criminal History Category of I, after excluding offenders who received a §5K1.1 substantial assistance departure. For the 56 offenders (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 40 month(s) and the median length of imprisonment imposed was 41 month(s)."

As a result of the JSIN sentencing data, the defendant's compliance with all terms of their release, their remorse, acceptance of responsibility, post offense rehabilitation, criminal history score of zero (0), need to provide restitution, lack of any prior sentences of imprisonment, along with the §3553(a) sentencing factors discussed below and incorporated herein by reference, the defense respectfully requests this Honorable Court to impose a sentence of sixteen (16) months imprisonment on Counts 1-3, to be followed by twenty-four (24) months imprisonment as to Count 4, for a combined sentence of forty (40) months imprisonment.

**V.    EVALUATION OF 18 U.S.C. §3553(a) FACTORS TO DETERMINE A REASONABLE SENTENCE.**

   **A. LAW.**

In fashioning an appropriate sentence, the District Court cannot presume that the Guideline range is reasonable but rather must also consider the factors enumerated in 18 USC

---

[1] JSIN, available at: https://www.ussc.gov/guidelines/judiciary-sentencing-information

3553(a) to determine if an adjustment is warranted. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). 18 U.S.C 3553(a) requires the Court to impose a sentence that is sufficient, but not greater than necessary and lists factors to be considered in imposing a sentence. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds and range of sentence under the guidelines; (5) pertinent policy statements by the Sentencing Commission; and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", and (7) the need to provide restitution.

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the Defendant... thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range").

B. ARGUMENT.

Luis Enrique Hernandez Socarras and Jorge Luis Hernandez Socarras were born on March 14, 1995, in Camaguey, Cuba. The twin brothers currently reside with each other and their parents in Miami, Florida. The brothers were raised in Cuba and relocated to the United

7

States with their family in 2015 after graduating high school. Jorge graduated from Tata Rodrigues Medo high school in 2014 and Luis graduated from Secundaria Camilo Cienfuegos high school in 2013. Luis and Jorge have the support of their parents and will return to reside with them upon their release from custody.

Given that neither brother has previously served any sentence of imprisonment (outside of their conduct in this case) the sentence requested by the defense of a combined sentence of forty (40) months is a very significant sentence of imprisonment. When considering the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, the JSIN data for this instant offense supports the requested combined sentence of forty (40) months imprisonment. *See* 18 U.S.C. § 3553(a)(6).

The criminal conduct in this case concluded upon the arrest of Luis Socarras on January 26, 2020, over two and half years ago. Since their arrest and ultimate release on pretrial release, Luis and Jorge Socarras have been the owners and operators of American Fast Trailers LLC., converting trailers into food trucks. Both brothers have worked various jobs throughout their adult life. They also have also obtained massage therapy certificates from the Florida Professional Institute. They have been productive, law-abiding individuals since their release.

There is a significant need to provide restitution to the victims in this offense. Luis and Jorge Socarras are gainfully self-employed since their conduct concluded in this offense. This Honorable Court must consider "the need to provide restitution to any victim of the offense." *See* 18 U.S.C. § 3553(a)(7). A long sentence of imprisonment, as requested by the government in this case, will further harm the victims by not allowing Luis and Jorge to work to pay their financial debts to society. In *Musgrave*, the Court stated:

> "While discussing the need for the sentence to provide restitution, as required by § 3553(a)(7), and finding it 'a compelling reason for

>the consideration of not imposing a term of imprisonment,' the district court stated, '[T]he loss amount here is substantial. However, I don't believe it has to be a permanent loss. I believe the victims can be restored by Musgrave if he is sentenced in such a way as to facilitate payment of restitution.' The district court explained that, with Musgrave 'doing what he's fully capable of, he's going to pay the restitution in an appropriate manner…'"

*United States v. Musgrave*, 647 Fed. Appx. 529, 536 (6th Cir. 2016). The Sixth Circuit affirmed Musgrave's sentence of one day of imprisonment, five years of supervised release with 24 months of home confinement, and a $250,000 fine when Musgrave's Guidelines range was 57 to 71 months. *Id*. at 351. "[T]here is no justice in imposing a sentence merely to make an example out of a defendant," as argued by the government. *Id*. at 533.

Based upon the foregoing, Luis and Jorge Socarras respectfully request this Honorable Court to give due consideration to all their mitigating factors when imposing a reasonable sentence. Although the guidelines remain "the starting point and the initial benchmark" for sentencing, a sentencing court may no longer rely exclusively on the Guidelines range; rather, the court "must make an individualized assessment based on the facts presented" and the other statutory factors. *Gall v. United States*, 552 U. S. 38, 49, 50 (2007). Based upon the totality of circumstances and evaluation of the §3553(a) factors, the defense respectfully requests this Honorable Court to grant a downward variance as to Counts 1-3.

**VI.    CONCLUSION.**

Luis and Jorge Socarras respectfully request this Honorable Court consider all of the 18 U.S.C. § 3553(a) factors described above and impose a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing. Luis and Jorge Socarras further respectfully request credit for time served, for permission to self-report, to recommend that they serve their sentences of imprisonment at FCI Miami, and to recommend that they participate in the residential drug abuse treatment program ("RDAP").

Respectfully Submitted,

| | |
|---|---|
| s/ Jaime P. Serrat_____ | s/ Kevin M. Cafferkey_____ |
| **JAIME P. SERRAT LLC** | **KEVIN M. CAFFERKEY** |
| Jaime P. Serrat, (#0031660) | Kevin M. Cafferkey (#0031470) |
| Attorney for Jorge Hernandez Socarras | Attorney for Luis Hernandez Socarras |
| 55 Public Square | 55 Public Square |
| 2100 Illuminating Building | 2100 Illuminating Building |
| Cleveland, OH 44113 | Cleveland, OH 44113 |
| (216) 696-2150; (216) 696-1718- fax | (216) 363-6014 |
| serratlaw@hotmail.com | kmcafferkey@hotmail.com |

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jaime P. Serrat_____
**JAIME P. SERRAT LLC**
Jaime P. Serrat, (#0031660)
